**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1572**

STEPHANIE ZIMMECK,

             Plaintiff - Appellant,

       v.

MARSHALL UNIVERSITY BOARD OF GOVERNORS, d/b/a Marshall
University, Joan C. Edwards School of Medicine; AARON
MCGUFFIN, individually and as Senior Associate Dean for
Student Affairs; TRACY LEGROW, individually and as Assistant
Dean for Academic Affairs; ROBERT C. NERHOOD, individually
and as Interim Dean of Marshall University School of
Medicine; MARIA VEITIA, individually and as Associate Dean
for Student Affairs, inclusive,

             Defendants – Appellees,

       and

JOSEPH L. SHAPIRO, individually and as Dean of the Marshall
University School of Medicine,

             Defendant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
Chief District Judge.  (3:13-cv-14743)

Submitted:  November 24, 2015          Decided:  December 11, 2015

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason J. Bach, THE BACH LAW FIRM, LLC, Las Vegas, Nevada, for Appellant. Cheryl Lynne Connelly, CAMPBELL WOODS, PLLC, Huntington, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Zimmeck appeals the district court's order dismissing her due process claims[*] and granting summary judgment to the Marshall University Board of Governors. Finding no error, we affirm the district court's orders.

I.

We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Zimmeck alleged that the Marshall University School of Medicine ("MUSOM") dismissed her as a student in its program, in violation of procedural and substantive due process pursuant to 42 U.S.C. § 1983 (2012). Under the Fourteenth Amendment, "[n]o State shall . . . deprive any person of life, liberty, or

---

[*] Zimmeck brought these claims against Aaron McGuffin, Tracy LeGrow, Robert C. Nerhood, and Maria Veitia.

3

property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Generally, a due process claim requires a two-part analysis: "whether [the plaintiff] was deprived of a protected interest, and, if so, what process was . . . due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982).

Assuming, without deciding, that Zimmeck alleged a protected liberty or property interest, we conclude that she failed to allege a viable due process claim. MUSOM dismissed Zimmeck for academic reasons, and, thus, less process was due than if she had been dismissed for disciplinary reasons. Bd. of Curators of the Univ. of Mo. v. Horowitz, 435 U.S. 78, 86 (1978). MUSOM placed Zimmeck on academic probation, notified her that further violations of its professionalism policy could result in dismissal, and dismissed her after she was notified of a hearing and participated in the appeals process. Thus, we conclude that Zimmeck's dismissal satisfied the requirements of procedural due process.

Similarly, we conclude that Zimmeck failed to allege a substantive due process claim. A court may only override a school's academic decision if "it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985). Courts should defer to "the faculty's

4

professional judgment." Id. & n.11. Zimmeck's own allegations demonstrate that MUSOM dismissed her only after school officials received several reports of unprofessional conduct. Further, Zimmeck admits that the events considered by MUSOM did in fact occur. Accordingly, we affirm the district court's order dismissing Zimmeck's due process claims.

## II.

We "review[] de novo [a] district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Zimmeck argues that the district court erred in granting summary judgment on her retaliation claim under the

5

Rehabilitation Act of 1973 (RA), 29 U.S.C.A. §§ 701 to 796l (West 2008 & Supp. 2015), and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213 (2012). In order to establish a prima facie retaliation claim under the ADA and RA, a plaintiff must establish that (1) she engaged in a protected activity, (2) the defendant took an adverse action against her after she engaged in the protected activity, and (3) there was a causal connection between the two. Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002); Hooven-Lewis v. Caldera, 249 F.3d 259, 272 (4th Cir. 2001).

As the district court found, Zimmeck failed to establish a genuine dispute of material fact regarding whether there was a causal connection between any protected activity and her dismissal from MUSOM. Zimmeck argues on appeal only that there was close temporal proximity between her request for an accommodation and her dismissal from MUSOM. However, Zimmeck admits she did not request an accommodation concerning her mental health issues until after the initial decision to dismiss her. See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004) ("[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes [an] adverse employment action . . . shortly after learning of the protected activity."), abrogated on other grounds by Foster v. Univ. of Md.-E. Shore, 787 F.3d 243 (4th Cir. 2015). Because the

6

asserted adverse action occurred before Zimmeck requested an accommodation, we conclude she failed to establish her prima facie case.

Zimmeck also argues that the district court erred in granting summary judgment on her disability discrimination claim under the RA and the ADA. To establish a claim of disability discrimination, Zimmeck was required to show "that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); see Class v. Towson Univ., __ F.3d __, __, 2015 WL 7074636, at *6 & n.2 (4th Cir. Nov. 13, 2015) (No. 15-1811) (comparing elements of RA and ADA claims). "A qualified individual is one who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for participation in a program or activity." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 462 (4th Cir. 2012) (alterations and internal quotation marks omitted); see Class, 2015 WL 7074636, at *8.

We conclude that the district court properly relied on our decision in Halpern in granting summary judgment to MUSOM. As

7

in Halpern, Zimmeck engaged in a substantial amount of unprofessional conduct before providing MUSOM with notice of her disabilities or proposing any accommodations. See 669 F.3d at 457-59. MUSOM repeatedly warned Zimmeck that further misconduct could result in disciplinary sanctions up to and including dismissal. Zimmeck did not suggest any reasonable accommodation until after MUSOM's initial decision to dismiss her; she "sought not a disability accommodation, but a second chance to better control [her] treatable medical condition." Id. at 465 (internal quotation marks omitted). MUSOM gave Zimmeck numerous chances to control her behavior or seek a formal accommodation, but she failed to avail herself of this opportunity. See id. ("[T]he law does not require the school to ignore misconduct that has occurred because the student subsequently asserts it was the result of a disability."). Thus, the district court did not err in granting summary judgment to the Defendant.

                                III.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


                                                    AFFIRMED


                                8